**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE No:**

ELVIRA EASTLICK,

      Plaintiff,

v.

UNITED PARCEL SERVICE, INC.,

      Defendant.

_____/

## COMPLAINT

      Plaintiff, ELVIRA EASTLICK (hereinafter, "Plaintiff"), by and through her undersigned attorney hereby files her Complaint and sues Defendant, UNITED PARCEL SERVICE, INC., (hereinafter "UPS" or "Defendant") as follows:

### JURISDICTION AND VENUE

1. This is an action for damages for violation(s) the Americans With Disabilities Act (ADA), the Americans with Disabilities Act Amendments Act (ADAAA) 42 U.S.C. §12101 *et seq*. and Chapter 760, Florida Statutes (Florida Civil Rights Act or "FCRA").

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction for claims under the FCRA pursuant to 28 U.S.C. § 1367 and because the claims brought under the FCRA are substantially similar to the federal claims.

3. Plaintiff is and was, at all relevant times, a resident of Broward County, Florida, over the age of 18.

1

4.  Plaintiff is a member of a class protected under the ADA, the ADAAA, and the FCRA in that she is a person with a disability as defined by those Acts.

5.  Defendant is a corporation organized in Ohio with its principal place of business in Atlanta, Georgia, registered to do business in the State of Florida. At all times relevant, UPS operated a facility in Doral, Florida which is where Plaintiff was employed.

6.  Plaintiff was at all relevant times an employee of UPS. She held the position of SPL Associate Manager in UPS' Supply Chain/Logistics and Distribution Facility.

7.  At all relevant times, Defendant was Plaintiff's employer and employed no less than 15 or more employee for each of 20 or more work weeks in the current or preceding year.

8.  Defendant is accordingly an employer as defined by the ADA, the ADAAA, and the FCRA.

9.  Plaintiff alleges causes of action for violations of the ADA, the ADAAA, and the FCRA as a result of the adverse treatment to which Defendant subjected Plaintiff. Specifically, she was denied a reasonable accommodation, placed on long-term disability, and then administratively terminated due to her disability.

10. The violations complained of herein occurred in Doral, Miami-Dade County, Florida, and as such venue is proper in this Court.

11. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about December 20, 2016, claiming discrimination based on disability, religion, and retaliation.

12. Plaintiff's Charge of Discrimination was dual filed with the EEOC and dually filed with the Florida Commission of Human Relations ("FCHR"), the state equivalent of the EEOC.

2

13. The FCHR has taken no action or issued any determinations with respect to Plaintiff's Charge of Discrimination.

14. More than 180 days have passed since the filings of the Plaintiff's Charge of Discrimination.

15. Plaintiff received a Notice of Right to Sue from the EEOC on April 26, 2017. That Notice is attached hereto as Exhibit "A."

16. Plaintiff accordingly exhausted all her administrative remedies prior to initiating the instant suit.

## GENERAL ALLEGATIONS

17. Defendant is a corporation primarily involved in shipping goods internationally and providing logistics services.

18. Plaintiff EASTLICK began her employment in July 2013 as a SPL Associate Manager at Defendant's Supply Chain/Logistics Distribution Facility in Doral, Florida.

19. At all times, Plaintiff was employed in a full-time capacity and was issued a W-2 by Defendants for each year for which she was employed.

20. EASTLICK'S job duties were to manage, train, and develop employees to comply with company and industry standards. Plaintiff was also expected to manage invoices, forecast billing, etc.

21. EASTLICK'S job was office based in large part, with a very small percentage (~ 10%) of her time spent out of the office and on the warehouse floor.

22. In November 2015, EASTLICK suffered a brain hemorrhage and subsequently went out of work on short-term disability until she was cleared to return to work on May 5, 2016.

23. While EASTLICK was cleared to return to her normal assignments, she was experiencing dizziness and her doctor recommended that she not spend time in large, open areas around heavy machinery. Rather, she was to be around sturdy things (walls, desks, railings, etc.) should a bout of dizziness cause her to need to stabilize herself.

24. Plaintiff did return to work on May 5, 2016, but was advised that she was to perform the duties of her subordinates rather than the duties she was assigned when she went out on short-term disability. These new duties required her to perform extended time on the warehouse floor which was open and within which forklifts and other heavy machinery operated.

25. On May 13, 2016, EASTLICK made a formal request in writing for the accommodation of working out of an office and avoiding working on the warehouse floor around heavy foot traffic and heavy machinery as she was not able to safely maneuver in such an environment. This request was made of, inter alia, Jennifer Virreal (HR Manager).

26. UPS denied this request and EASTLICK home from work several times between May 5 and May 19, 2016 because it believed EASTLICK was unable to perform her duties as SPL Associate Manager.

27. On May 18, 2016, EASTLICK was advised by Juan Vincinte (HR Director) that she could either go home or file for disability. EASTLICK was not given an option to return to her duties as they existed when she went on short-term disability in November 2015.

28. In August 2016, EASTLICK made another attempt to request an accommodation in order to return to work. That request was also denied.

29. EASTLICK was on long-term disability between May 2016 and November 2016 and on November 10, 2016, EASTLICK was administratively terminated.

30. Defendant's alleged reason(s) for denying EASTLICK'S request for reasonable accommodation and subsequent termination are pretextual as Plaintiff was prevented from returning to her position between May and November 2016.

## COUNT ONE:
## DISABILITY DISCRIMINATION UNDER THE ADA AND ADAAA

31. Plaintiff reasserts her allegations in paragraphs 1–30, above, as if fully re-written herein.

32. Plaintiff is person with a disability as that term is defined under the ADAAA in that she suffered a cerebral hemorrhage which substantially limits her ability to perform at least one major life function, to wit: walking with balance and stability.

33. Plaintiff is, and at all times was, qualified to perform the essential functions of her job as a SPL Associate Manager with or without a proposed reasonable accommodation in that she was hired for the position and performed this position without incident for two years prior to her hemorrhage. Plaintiff is therefore a "qualified individual" as that term is defined in the Americans With Disabilities Act, as amended ("ADAAA") § 101(8) (42 U.S.C. § 12111(8)).

34. As the position existed when EASTLICK went out on short-term disability, Plaintiff was able to perform the essential functions which were primarily administrative work performed at a desk in an office.

35. Title I of the ADA and the ADAAA prohibit employers from taking adverse employment action against an employee as a result of her actual disability, as a result of an employee's record of having such disability, and/or because the employer regards the employee as disabled, and further requires employers to reasonably accommodate the actual disabilities and/or records of such disabilities of their employees.

36. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, the denial of Plaintiff's reasonable request for accommodation, forced disability leave, and/or termination was the direct and proximate result of Plaintiff's actual disability/disabilities, which substantially limited her in one or more major life activity to wit: walking with balance and stability; and/or Plaintiff's record of having such disability.

37. Defendant's alleged bases for its adverse and disparate treatment of Plaintiff, including, but not limited to, Plaintiff's forced disability leave and/or termination, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

38. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, including, but not limited to, Plaintiff's termination, which reasons it did not/does not have, Plaintiff's actual disability/disabilities and/or Plaintiff's record of having such a disability/disabilities were, at minimum, motivating factors[1] for Defendant's adverse and disparate treatment of Plaintiff.

39. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss. To that end, Plaintiff demands reinstatement to her formerly held (or equivalent) position as permitted by law, reinstatement of benefits/seniority, and injunctive and/or declaratory relief.

40. Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff ELVIRA EASTLICK requests judgment against Defendant as follows:

---

[1] Plaintiff expressly reserves the right to argue that a mixed-motive standard applies.

   a)   an award of economic damages including lost wages, back pay, interest, front pay, and the value and/or economic impact of lost benefits;

   b)   compensatory damages;

   c)   punitive damages;

   d)   attorney's fees and costs; and

   e)   any other award this Court deems necessary.

**COUNT TWO: FAILURE TO ACCOMMODATE**
**IN VIOLATION OF THE ADA AND ADAAA**

41. Plaintiff incorporates herein the allegations contained in paragraphs 1–30, inclusive, as though same were fully re-written, and says:

42. Plaintiff is person with a disability as that term is defined under the ADAAA in that she suffered a cerebral hemorrhage which substantially limits her ability to perform at least one major life function, to wit: walking with balance and stability.

43. Plaintiff is, and at all times was, qualified to perform the essential functions of her job as a SPL Associate Manager with or without a proposed reasonable accommodation in that she was hired for the position and performed this position without incident for two years prior to her hemorrhage. Plaintiff is therefore a "qualified individual" as that term is defined in the Americans With Disabilities Act, as amended ("ADAAA") § 101(8) (42 U.S.C. § 12111(8)).

44. As the position existed when EASTLICK went out on short-term disability, Plaintiff was able to perform the essential functions which were primarily administrative work performed at a desk in an office.

45. When Plaintiff returned from her leave, she was advised that her tasks had changed and that she would be required to be on the warehouse floor as a primary part of her job.

7

46. As a result, EASTLICK requested a reasonable accommodation as outlined in the General Allegations, *supra*.

47. Defendant failed to provide Plaintiff with a reasonable accommodation as that term is defined in the ADAAA, § 101(9). Plaintiff requested that she perform her duties as they existed in November 2015 within an office rather than in an open setting with heavy machinery.

48. This request was reasonable and would not have caused Defendant undue hardship. Plaintiff had performed exactly these tasks in November 2015 prior to taking disability leave.

49. Because Defendant changed EASTLICK'S duties and nature of her job, and because Defendant denied her a reasonable accommodation, EASTLICK was forced to take long-term disability and then was administratively terminated.

50. As a result of Defendant's actions, Plaintiff has suffered damages in an amount to be proven at the time of the trial of this cause.

51. Plaintiff is informed, believes and alleges that pursuant to ADAAA § 107(a) (42 U.S.C. § 12117(a)), Plaintiff is entitled back pay, compensatory/punitive damages, restoration to her former job (or front pay), and other such relief as may be permitted by law.

WHEREFORE, Plaintiff ELVIRA EASTLICK requests judgment against Defendant as follows:

    a) an award of economic damages including lost wages, back pay, interest, front pay, and the value and/or economic impact of lost benefits;

    b) compensatory damages;

    c) punitive damages;

    d)   attorney's fees and costs; and

    e)   any other award this Court deems necessary.

**COUNT ONE:**
**HANDICAP/DISABILTY DISCRIMINATION UNDER THE FCRA**

52. Plaintiff reasserts her allegations in paragraphs 1–33, above, as if fully re-written herein.

53. Section 760.10 of the FCRA states in relevant part:

> (1) it is unlawful employment practice for an employer:
> (a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

54. The FCRA accordingly prohibits employers from taking adverse employment action against an employee as a result of her actual handicap/disability, as a result of an employee's record of having such handicap/disability, and/or because the employer regards the employee as handicapped/disabled, and further requires employers to reasonably accommodate the actual handicaps/disabilities and/or records of such handicaps/disabilities of their employees.

55. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, the denial of Plaintiff's accommodation request, forced disability leave, and/or termination, as set forth above, was the direct and proximate result of Plaintiff's actual handicap(s)/disability/disabilities, which substantially limited her in one or more major life activities, and/or Plaintiff's record of having such handicap(s)/disability/disabilities.

56. Defendant failed/refused to reasonably accommodate Plaintiff's actual handicap(s)/disability/disabilities and/or Plaintiff's record of having such a handicap(s)/disability/disabilities as required by law, leading to Plaintiff's termination,

9

despite being presented with a reasonable accommodation by Plaintiff which would not have imposed an undue hardship on Defendant and which would have enabled Plaintiff to perform the essential functions of her position.

57. Defendant's alleged bases for its adverse and disparate treatment of Plaintiff, including, but not limited to, Plaintiff's termination, and/or its failure/refusal to reasonably accommodate Plaintiff are pretextual and asserted only to cover up the discriminatory nature of its conduct.

58. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, including, but not limited to, Plaintiff's forced disability leave and termination, and/or its failure/refusal to reasonably accommodate Plaintiff, which reasons it did not/does not have, Plaintiff's actual handicap(s)/disability/disabilities and/or Plaintiff's record of having such a handicap/disability/disabilities were, at minimum, motivating factors for Defendant's adverse and disparate treatment of Plaintiff, and/or Defendant's failure/refusal to reasonably accommodate Plaintiff.

59. As a result of the discriminatory conduct to which Plaintiff was subjected and Defendant's failure/refusal to accommodate Plaintiff, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay (or reinstatement), the value and/or economic impact of lost benefits/seniority, and compensatory damages.

60. Plaintiff further seeks her attorney's fees and costs as permitted by law.

10

WHEREFORE, Plaintiff ELVIRA EASTLICK requests judgment against Defendant as follows:

    a)  an award of economic damages including lost wages, back pay, interest, front pay, and the value and/or economic impact of lost benefits;

    b)  compensatory damages;

    c)  punitive damages;

    d)  attorney's fees and costs; and

    e)  any other award this Court deems necessary.

### DEMAND FOR JURY TRIAL

Plaintiff, ELVIRA EASTLICK hereby demands trial by jury on all counts so triable contained herein.

Dated: July 3, 2017.

> **EISS MASSILLON, P.L.**
> Attorneys for Plaintiff
> 7951 SW 6th Street, Suite 308
> Plantation, Florida 33324
> (954) 914-7890 (Telephone)
> (855) 423-5298 (Facsimile)
>
> By:   **/s/ Charles Eiss**
>         CHARLES M. EISS, Esq.
>         Fla. Bar #612073
>         Chuck@eissmassillon.com
>         LINDSAY M. MASSILLON, Esq.
>         Fla. Bar #92098
>         Lindsay@eissmassillon.com